# EXHIBIT A



# UNITED LEGAL FIGHTERS
*"Standing United to Fight for YOU!"*

November 6, 2023

## NOTICE OF CLAIM

**RE:** *Brandon Gould v. Cattaraugus County, Cattaraugus County Probation Office, et. al.*

**To Whom It May Concern:**

Please be advised that I represent Mr. Brandon Gould in his claim against Cattaraugus County. We allege:

- That <u>on or about August 24, 2023</u>, Mr. Gould was arrested on a probation violation based on the false claim by an individual that he was following said individual's daughter around a park in violation of a restraining order/order of protection;

- Subsequently, cell phone tower records, as well as other witnesses, were able to show that Mr. Gould was not in the area at the time;

- That <u>on or about November 1, 2023</u>, after approximately ten (10) weeks of being wrongly incarcerated, Mr. Gould was released and all charges were dropped. If the county had conducted an investigation before incarcerating Mr. Gould, they would have realized that Mr. Gould did not do what he was accused of. Consequently, the officers, and vicariously, the County, are liable for false arrest, false imprisonment, and a failure to investigate and train, all while acting under the color of law pursuant to 42 USC §1983.

I think we can all agree that a person's time, freedom, and personal liberty are precious and invaluable. Consequently, it would be great if additional investigative measures were put in place before stripping someone of their freedom so that incidents like this do not occur. Mr. Gould deserves to be compensated for having his civil liberties violated and I believe that an amicable solution can be reached without too much time and attention devoted to this.

I look forward to hearing from you or your legal representative very soon. Thank you very much.

Sincerely,

*Mark A. Overall*

Mark A. Overall, Esq.

UNITED LEGAL FIGHTERS
c/o The Exchange at Beverly Gray
334 E. Utica Street
Buffalo, New York 14208
Ph: 716-777-6554
E: askmarkesq@gmail.com
www.unitedlegalfighters.com

## CLAIMANT'S AFFIDAVIT

I swear or affirm under the penalty of perjury that the statements contained herein are true and accurate to the best of my knowledge or belief. I also swear or affirm that if any statement contained herein subsequently becomes untrue or inapplicable, that I will promptly notify all parties involved of the change in circumstances pertaining to the truthfulness of my allegations.

_____          _11/10/2023_____
Mark A Overall, Esq.                                              Date

Claimant's Counsel

# NOTARY PUBLIC CERTIFICATE OF ACKNOWLEDGEMENT

STATE OF NEW YORK       )

COUNTY OF ERIE          )

On this date, 11/10/2023, the Declarant, Mark A. Overall, Esq., personally appeared before me and having provided verifiable identification to be the Declarant whose name is subscribed to this instrument and acknowledged to me that s/he executed the same in his/her capacity, and that by his/her signature on this instrument, did, indeed, execute said document willfully.

**WITNESS** by my hand and seal.

_____
(Notary Signature)

My Commission Expires: 5/11/2027

SALEHAH CAROTHERS-ABDULLAH
Notary Public - State of New York
NO. 01CA0007263
Qualified in Erie County
My Commission Expires May 11, 2027

# EXHIBIT B

IN THE SUPREME COURT OF CATTARAUGUS COUNTY, NEW YORK
CIVIL DIVISION

| | |
|---|---|
| BRANDON GOULD <br> (Plaintiff) | * <br> * <br> * |
| vs. | *    Case/Index# _____ <br> * |
| CHRISTOPHER PAVLOCK, JOHN DOE <br> (Defendant) | *    Venue is based on the county where <br>     the incident arose. |

## SUMMONS

**To the Person(s) Named as Defendant(s) Above:**

**YOU ARE HEREBY SUMMONED** to answer the complaint of the Plaintiff(s) herein and to serve a copy of your answer on the Plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED** that should you fail to answer, a judgment will be entered against you by default for the relief demanded in the petition.

**Dated: May 3, 2025**

Respectfully Submitted:
Attorney for Plaintiff(s)

**/s/ Mark Overall** *M. Overall*
Mark A. Overall, Esq.
**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

IN THE SUPREME COURT OF CATTARAUGUS COUNTY, NEW YORK
CIVIL DIVISION

BRANDON GOULD             *
(Plaintiff)               *
                          *
vs.                       *   Case/Index# _____
                          *
CHRISTOPHER PAVLOCK, JOHN DOE *
(Defendant)

## COMPLAINT

**PLAINTIFF, BRANDON GOULD,** by and through the undersigned counsel, asserts the following:

### I. JURISDICTION AND VENUE

1. This Court has general jurisdiction over civil actions in New York State for claims of this nature. Additionally, venue is proper because the incident giving rise to this action took place in the aforementioned county as well.

### II. PARTIES

1. **Plaintiff Brandon Gould** ("Plaintiff") is a citizen of the United States and a resident of Cattaraugus County, New York who is over the age of majority.

2. Made Defendant(s) herein is/are:

(a) **John Doe,** ("Doe") is a citizen over the age of majority who, at all times relevant to this action, was acting under the color of state law as an Assistant District Attorney for Cattaraugus County. This defendant is being sued in his/her personal/individual capacity.

(b) **Christopher Pavlock** ("Officer Pavlock") is a citizen of the United States over the age of majority who, at all times relevant to this action, was acting under the color of state law as an officer with the Olean Police Department. This defendant is being sued in his personal/individual capacity.

1

## III. FACTUAL ALLEGATIONS

1. The facts of this case are somewhat simple. On or about August 11, 2023, Kimberly Minton contacted law enforcement alleging that Plaintiff was in violation of a full stay-away Order of Protection because he was following her and her daughter around Oak Hill Park in Olean, Cattaraugus County, New York.

2. Olean Police Officer Christopher Pavlock spoke with Kimberly Minton and she conveyed these false allegations to Officer Pavlock. In response, Officer Pavlock, using Minton's supporting deposition, filed criminal misdemeanor informations for Endangering the Welfare of a Child, Harassment in the Second Degree, and Criminal Contempt in Second Degree. (Ex 1 – Criminal Complaints).

3. An arrest warrant was obtained and Plaintiff was arrested on August 24, 2023. The criminal complaints were submitted to the Cattaraugus County District Attorney's Office and Defendant Doe was assigned to prosecute the matter.

4. Plaintiff concedes that ALL of this was completely lawful up to this point, presuming, of course, that the police did not coerce Kimberly Minton into giving a false deposition to secure Plaintiff's arrest in the first place. The police are certainly permitted to make arrests based on the allegations of citizens, even if those allegations turn out to be false.

5. However, Plaintiff was arrested and arraigned on August 24, 2023. At arraignment, Plaintiff was provided the services of Ben Smith, an attorney with the Cattaraugus County Public Defender's Office. <u>Attorney Smith advised Plaintiff's counsel that within 48-72 hours of Plaintiff's arrest, he provided Defendant Doe at the DA's Office video footage showing that Plaintiff was at his apartment in Belmont, Allegany County, New York at the time Kimberly Minton falsely accused Plaintiff of following her and her daughter around Oak Hill</u>

2

Park in Olean. Different place, different city, different county. Specifically, <u>a neighbor across the street from Plaintiff's apartment had a camera facing outward that showed Plaintiff walking around the outside of his apartment in Belmont at the time he was supposed to be in Olean.</u> Plaintiff characterized Attorney Smith's statement as "he showed them (Doe) the video footage and they chose to ignore it." (Ex 2 – Excerpt of Gould 50-H Depo).

6. At this point, the Defendants were acting with actual malice. <u>They, specifically Defendant Doe, had credible evidence of Plaintiff's innocence and chose to not honor their lawful obligation to alert the Court of this reality and dismiss the complaints against Plaintiff until November 1, 2023, nearly nine weeks later.</u> Plaintiff spent more than nine extra weeks in the Cattaraugus County Jail, attending multiple unnecessary court appearances, due to the malice and unlawful conduct of the Defendants. Moreover, because Defendant Doe was acting in an investigative role so early in the criminal prosecution against Plaintiff, he is not entitled to absolute immunity.

7. This prosecution mirrors the unfortunate series of events in the Kalief Browder case in New York City where he was held for three years on Riker's Island on false charges that the prosecution KNEW it could not prove because the accusing witness left the country, but chose to be silent about this. The Kalief Browder case changed criminal law and procedure in New York State and the present matter is another example of why accountability and oversight is needed in this area.

8. Plaintiff secured the undersigned counsel and a Notice of Claim was submitted to the County. A 50-H deposition was conducted and Plaintiff's Counsel was informed that the County would not be resolving the claim. This suit follows.

## IV. CAUSES OF ACTION

### A. §1983 MALICIOUS PROSECUTION

9. Plaintiff adopts all preceding paragraphs and incorporates them by reference in this claim.

The elements of the tort of malicious prosecution are (1) the commencement <u>or continuation of a criminal proceeding by defendant against the plaintiff</u>, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice[1]. As stated above, while the initial commencement of the criminal prosecution was arguably lawful, ***the continuation of it*** after receiving the video evidence proving Plaintiff's innocence was done absent probable cause and with actual malice. "The prosecutor performs the dual role of advocate and public officer, <u>charged with the duty not only to secure indictments but also to see that justice is done</u>." *People v. Lancaster*, 511 N.Y.S.2d 559, 562 (1986). Defendants had a duty to **immediately** inform the Court that they lacked probable cause and a good faith basis to continue to incarcerate and prosecute Plaintiff and they failed to do this and move to dismiss the prosecution until more than nine weeks later. This was done with actual malice because the Defendants were in possession of evidence proving Plaintiff's innocence and chose to sit silent for more than nine weeks while Plaintiff was wrongfully incarcerated in the county jail. **Consequently, the Defendants are liable for this claim.**

---

[1] *De Lourdes Torres v. Jones*, 26 N.Y.3d 742 (2016) (internal citations omitted)

## V. DAMAGES

As a result of the Defendants' actions, Plaintiff sustained deprivation of liberty, mental and physical discomfort, loss of enjoyment of life, mental anguish, loss of convenience and time and any other tangible and intangible damages that may be revealed through discovery.

## PRAYER FOR RELIEF

FOR THESE REASONS, PLAINTIFF, BRANDON GOULD, prays for the following relief:

a) To have all issues and claims asserted herein tried by a jury;
b) To have a judgment entered in Plaintiff's favor and against the Defendant for **$180,000**;
c) An award for attorney's fees and litigation costs;
d) Any other relief that Plaintiff is entitled to.

Respectfully Submitted:
Attorney for Plaintiff

/s/ Mark Overall
Mark A. Overall, Esq.

**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

## VERIFICATION

I, Mark A. Overall, Esq., do affirm under the penalty of perjury, the following:

1. I am the Attorney for the Plaintiff, Brandon Gould, named in this action;

2. I have read the foregoing and know the contents herein;

3. The contents of the foregoing are true to my knowledge, except as to those statements stated to be alleged upon information and belief, and that those matters I also believe to be true. My belief is based on my review of the documents and statements pertaining to this matter.

4. Pursuant to CPLR §3020(d)(3), I am verifying this pleading on behalf of my client, Plaintiff Brandon Gould, because Plaintiff is not located in the county where my office is located.

_____
Mark A. Overall, Esq., Plaintiff's Counsel

## AFFIRMATION OF SERVICE

I affirm that I will serve a copy of the foregoing on the following parties:

/s/ Mark A. Overall
Mark A. Overall, Esq.
Attorney for Plaintiff

John Doe
c/o Kevin Federation, Esq.
*Counsel for Defendant John Doe* (Accepting Service)
16 West Main Street, Suite 400
Rochester, New York 14614

Christopher Pavlock
Olean Police Department
101 E State Street
Olean, New York 14760

**MISDEMEANOR INFORMATION**

D.D. Number:
Case Report No: CA-03512-23  Police Serial No: 135429  Blotter/CC No: BL-011998-23
Appearance Ticket:  Return Date:
Arrest Number:  Court Docket No:
Defendant in Custody from:  to

DATE OF BIRTH
[redacted]

OFFENSE
ACT IN MANNER INJUR CHILD < 17

CLASS A MISDEMEANOR

COUNT(S): 1

PREPARED BY
PTL CHRISTOPHER PAVLOCK

## OLEAN CITY COURT

101 E STATE ST, OLEAN, NY 14760

**THE PEOPLE OF THE STATE OF NY**
against

BRANDON L GOULD (40)
[redacted]
OLEAN, NY 14760

STATE OF NY
COUNTY OF CATTARAUGUS.

PTL CHRISTOPHER P PAVLOCK, Shield 32, being duly sworn, deposes and says that he/she is a member of the OLEAN POLICE DEPARTMENT, County of Cattaraugus, State of NEW YORK and that on 08/11/2023 at about 1935 at OAK HILL PARK, 201 N 4TH ST, OLEAN in the County of Cattaraugus, State of NEW YORK.

**BRANDON L GOULD**

The Defendant did violate Section 260.10 of the Penal Law of the State of New York, in that at the time and place aforesaid, the said defendant did; § PL 260.10 Subdivision 1 - Endangering the welfare of a child. A person is guilty of endangering the welfare of a child when he knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health.

TO WIT: On the aforementioned date, time and location the above mentioned defendant did knowingly and intentionally act in a manner injurious to the mental welfare of the above named victim, Emily Minton, whom is a protected party in an order of protection with the above named defendant. When he did follow her while inside of Oak Hill Park and continually attempt to talk to her, putting her in great fear. This information is based on the investigation of the Olean Police Dept, and the supporting deposition of the victims mother, Kimberly Minton.

Supporting Deposition of Kimberly Minton annexed hereto and made a part hereof.

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

_____
PTL CHRISTOPHER PAVLOCK

**VIOLATION INFORMATION**

D.D. Number: _____
Case Report No: CA-03512-23     Police Serial No: 135429     Blotter/CC No: BL-011998-23
Appearance Ticket: _____     Return Date: _____
Arrest Number: _____     Court Docket No: _____
Defendant in Custody from: _____ to _____

## OLEAN CITY COURT

101 E STATE ST, OLEAN, NY 14760

DATE OF BIRTH

THE PEOPLE OF THE STATE OF NY
against

1) [redacted]

BRANDON L GOULD (40)
[redacted]
OLEAN, NY 14760

STATE OF NY
COUNTY OF CATTARAUGUS

OFFENSE
HARASSMENT-
2ND:FOLLOW
PERSON

PTL CHRISTOPHER P PAVLOCK, Shield 32, being duly sworn, deposes and says that he/she is a member of the OLEAN POLICE DEPARTMENT, County of Cattaraugus, State of NEW YORK and that on 08/11/2023 at about 1935 at OAK HILL PARK, 201 N 4TH ST, OLEAN in the County of Cattaraugus, State of NEW YORK.

CLASS
VIOLATION

**BRANDON L GOULD**

COUNT(S): 1

The Defendant did violate Section 240.26 of the Penal Law of the State of New York, in that at the time and place aforesaid, the said defendant did; § PL 240.26 Subdivision 2 - Harassment in the second degree. A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person he or she follows a person in or about a public place or places.

TO WIT: On the aforementioned date, time and location the above mentioned defendant did knowingly and intentionally follow the above victim, Emily Minton while inside of Oak Hill Park. The victim is a protected party in an active stay away order of protection with the above named defendant. This information is based on the investigation of the Olean Police Dept, and a supporting deposition of the victims mother, Kimberly Minton.

Supporting Deposition of Kimberly Minton annexed hereto and made a part hereof.

PREPARED BY
PTL
CHRISTOPHER
PAVLOCK

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

_____
PTL CHRISTOPHER PAVLOCK

**MISDEMEANOR INFORMATION**

D.D. Number: _____
Case Report No: CA-03512-23    Police Serial No: 135429    Blotter/CC No: BL-011998-23
Appearance Ticket: _____    Return Date: _____
Arrest Number: _____    Court Docket No: _____
Defendant in Custody from: _____ to _____

DATE OF BIRTH
1) [redacted]

OFFENSE
CRIM
CONTEMPT-
2ND:DISOBEY
CRT

CLASS A
MISDEMEANOR

COUNT(S): 1

## OLEAN CITY COURT

101 E STATE ST, OLEAN, NY 14760

**THE PEOPLE OF THE STATE OF NY**
against

BRANDON L GOULD (40)
[redacted]
OLEAN, NY 14760

STATE OF NY
COUNTY OF CATTARAUGUS

PTL CHRISTOPHER P PAVLOCK, Shield 32, being duly sworn, deposes and says that he/she is a member of the OLEAN POLICE DEPARTMENT, County of Cattaraugus, State of NEW YORK and that on 08/11/2023 at about 1935 at OAK HILL PARK, 201 N 4TH ST, OLEAN in the County of Cattaraugus, State of NEW YORK.

**BRANDON L GOULD**

The Defendant did violate Section 215.50 of the Penal Law of the State of New York, in that at the time and place aforesaid, the said defendant did; § PL 215.50 Subdivision 6 - Criminal contempt in the second degree. A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct intentional failure to obey any mandate, process or notice, issued pursuant to articles sixteen, seventeen, eighteen, or eighteen-a of the judiciary law, or to rules adopted pursuant to any such statute or to any special statute establishing commissioners of jurors and prescribing their duties or who refuses to be sworn as provided therein.

TO WIT: On the aforementioned date, time and location the above mentioned defendant did knowingly and intentionally violate an active stay away order of protection: Order #2023-000019 issued and signed by the Honorable Judge Ronald Ploetz. By following and attempting to talk to the protected party while at Oak Hill Park in the City of Olean. This information is based on the investigation of the Olean Police Dept, and the supporting deposition of the victims mother, Kimberly Minton.

Supporting Deposition of Kimberly Minton annexed hereto and made a part hereof.

PREPARED BY
PTL
CHRISTOPHER
PAVLOCK

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

_____
PTL CHRISTOPHER PAVLOCK

SCANNED

BRANDON GOULD

---

In the Matter of BRANDON GOULD,

                Claimant,

  -vs-

CATTARAUGUS COUNTY and
CATTARAUGUS COUNTY PROBATION OFFICE,

                Respondent.

---

                Examination Under Oath of BRANDON GOULD, Claimant, taken pursuant to Notice under Section 50-h of the General Municipal Law, in the law offices of RUPP PFALZGRAF, LLC, 1600 Liberty Building, 424 Main Street, Buffalo, New York, taken on May 22, 2024, commencing at 10:08 A.M., before VALERIE WHITE, Notary Public.

34

```
1   Q.  Was there a way to enter/exit on any other parts
2       of the house or the apartment other than the
3       front porch?
4   A.  No.
5   Q.  So no other doors?
6   A.  Well, there was one door down the stairs but that
7       led to the neighbor's place and they had locks on
8       the other side.
9   Q.  Did you ever have any conversations with the
10      District Attorney or probation office about the
11      video?
12  A.  No.
13  Q.  Did your attorney -- are you aware of any
14      conversations that your attorney had with the
15      District Attorney's office or probation office
16      about the video?
17  A.  He said they showed them and they chose to ignore
18      it.
19  Q.  And the cell phone records that are listed here
20      in the Notice of Claim, do you remember when you
21      or your attorney Ben Smith first showed it to the
22      District Attorney or probation office?
23  A.  That, I have no idea.
```

Sue Ann Simonin Court Reporting

# EXHIBIT C

**NYSCEF**
Cattaraugus County Supreme Court

**Document List**
**Index #  94706**

Created on:05/19/2025 01:18 PM

Case Caption:   **Brandon Gould v. Christopher Pavlock et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS | Processed | 05/03/2025 | Overall, M. |
| 2 | COMPLAINT | Processed | 05/03/2025 | Overall, M. |
| 3 | EXHIBIT(S) - 1<br>Ex 1 - Criminal Complaints | Processed | 05/03/2025 | Overall, M. |
| 4 | EXHIBIT(S) - 2<br>Ex 2 - Excerpt of Depo | Processed | 05/03/2025 | Overall, M. |