UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON GOULD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-429-GWC |
| | ) |
| CHRISTOPHER PAVLOCK and JOHN DOE, | ) |
| as Assistant District Attorney for the County of | ) |
| Cattaraugus, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO DISMISS**
(Docs. 4, 6)

INTRODUCTION

Plaintiff Brandon Gould brought this suit on May 3, 2025, in the New York Supreme

Court for the County of Cattaraugus against Defendants John Doe[1], of the Cattaraugus County

District Attorney's Office, and Officer Christopher Pavlock of the Orlean Police Department. In

the Complaint, Gould alleges that Defendants are responsible for Gould's unlawful detention

from late August 2023 until November 1, 2023, and asserts claims of malicious prosecution

under 42 U.S.C. § 1983. (*See* Doc. 1-1.) Defendant Doe removed the action to this court on

May 19, 2025. (*See* Doc. 1.) Both defendants Doe and Pavlock now move to dismiss the action

under Federal Rule of Civil Procedure 12(b)(6). (Docs. 4, 6.) Doe contends he is entitled to

absolute immunity from this suit. (Doc. 4-3.) Pavlock argues that the Complaint fails to allege

his personal involvement in the prosecution and thus does not state a plausible claim to relief

under § 1983. (Doc. 6-3.) Gould has filed a brief in opposition to Pavlock's motion asserting the

contrary. (Doc. 8 ¶ 5.)

---

[1] While the facts of Gould's complaint would suggest his knowledge of this defendant's identity, none of the parties'
filings identify the defendant by name.

FACTS

The following allegations are drawn from Gould's complaint and accepted as true for purposes of this motion. On August 11, 2023, Kimberly Minton contacted the Olean Police Department and advised Officer Pavlock that Gould was following Minton and her daughter around Oak Hill Park in Olean, New York, in violation of a stay-away Order of Protection. (Doc. 1-1 ¶ 1.) Using Minton's supporting deposition, Pavlock filed misdemeanor informations for Endangering the Welfare of a Child, Harassment in the Second Degree, and Criminal Contempt in the Second Degree. (*Id.* ¶ 2.) Orlean police then obtained a warrant for Gould's arrest on those charges, after which Gould was arrested and arraigned on August 24, 2023. (*Id.* ¶ 3.) After the charges were submitted to the Cattaraugus County District Attorney's Office, Doe was assigned to Gould's prosecution. (*Id.*) Attorney Ben Smith of the Cattaraugus County Public Defender's Office was assigned to Gould's defense.

Within three days of Gould's arrest, Attorney Smith provided Doe with video footage establishing that, at the time Minton alleged Gould was in violation of the protective order, Gould was in fact at home at his apartment in Belmont, New York. (*Id.* ¶ 5.) Doe did not drop the criminal charges until more than eight weeks later, on November 1, 2023, during which interval Gould was detained in the Cattaraugus County Jail and made to "attend[] multiple unnecessary court appearances." (*Id.* ¶ 6.)

Gould subsequently filed this complaint through his counsel in the Civil Division of the Supreme Court of Cattaraugus County, New York. (Doc. 1-1 at 6–7.) Gould's complaint alleges that Pavlock and Doe acted with actual malice in failing to "honor their lawful obligation to alert the Court" of evidence proving Gould's innocence during his detention. (Doc. 1-1 at 9, ¶ 6.)

## LEGAL STANDARDS

**Rule 12(b)(6) Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In ruling on a 12(b)(6) motion, the court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences, but [is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hernandez v. United States*, 939 F.3d 191, 198 (2d. Cir. 2019).

**42 U.S.C. § 1983**

To state a claim for relief under § 1983, a plaintiff must allege "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States,' and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). The statute itself "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). A plausible claim for relief under the statute thus requires that the plaintiff allege defendants'

conduct deprived him of a specific right, privilege, or immunity secured by federal law. *See Vega v. Tekoh*, 597 U.S. 134 (2022). Moreover, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite for an award of damages under §1983." *Wright v. Smith*, 21 F. 3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

**Malicious Prosecution**

To state a claim of malicious prosecution under § 1983, a plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceedings; and (4) actual malice as a motivation for defendant's actions." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163–64 (2d Cir. 2019) (per curiam) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). With respect to the second element, "a plaintiff need only show that his prosecution ended without a conviction," not that it ended in a way that established his innocence. *Thompson v. Clark*, 596 U.S. 36, 39 (2022). As to the third element, the existence of probable cause is a defense to a claim of malicious prosecution under both New York law, *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (citing *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)), and under § 1983, *Crenshaw v. City of Mount Vernon*, 372 F. App'x 202, 208 n.2 (2d Cir. 2010) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). But "even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (citing *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)). With respect to the fourth element, actual malice, a plaintiff must show "that the defendant must have commenced [or continued] the criminal proceeding due to a wrong or improper motive, something other than a

desire to see the ends of justice served." *Lowth*, 82 F.3d 563, 573 (2d Cir. 1996) (quoting *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502–03 (1978)); *see also Kinzer*, 316 F.3d at 143–44 ("A malicious prosecution claim can rest on a prosecution that is continued notwithstanding the discovery of information that exculpates the defendant.").

## ANALYSIS

### I.    Claim Against Doe

The complaint asserts Doe's liability for malicious prosecution because he "had a duty to immediately inform the Court that he lacked probable cause and a good faith basis to continue to incarcerate and prosecute Plaintiff" after receiving the exculpatory video evidence supplied by Gould's attorney in late August 2023, and that he breached that duty by allowing the prosecution to continue until charges were dismissed on November 1, 2023.  (Doc. 1-1 at 9.)

Doe claims he is entitled to absolute prosecutorial immunity from this claim.  A defendant may assert absolute immunity as a defense in a 12(b)(6) motion where "the facts supporting the defense appear[] on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004).  Given "the importance of resolving immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 228 (1991), the court addresses Doe's immunity claim before otherwise assessing the sufficiency of Gould's complaint.

Here, Doe argues that his "review and evaluation of the video footage provided by Gould's attorney was a prosecutorial function" and thus protected by absolute immunity, "as was [Doe's] decision to not immediately seek dismissal" of the charges filed against Gould (Doc. 4-3, 20.) The court agrees.

"Absolute immunity protects a prosecutor from §1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 2004).  In determining whether a defendant's conduct is protected by absolute

immunity, courts "look[] to the function being performed rather than to the office or identity of the defendant." *Buari v. City of New York*, 530 F.Supp.3d 356, 378 (S.D.N.Y. 2022) (quoting *Hill v. City of New York*, 45 F.3d 653, 660 (2d Cir. 1995)). Under this functional test, "absolute immunity may not apply when a prosecutor is not acting as an 'officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976)).

Prosecutors receive absolute immunity from claims arising out of alleged conduct "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 431 n.34. This immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This class of acts includes "the decision to bring charges against a defendant, [the presentation of] evidence to a grand jury, and the evaluation of evidence prior to trial." *Moye v. City of New York*, No. 11 Civ. 316 (PGG), 2012 WL2569085, at *5 (S.D.N.Y. Sept. 15, 2012). Generally, absolute immunity applies "where some type of formal proceeding had been commenced or was being commenced by the conduct at issue," *Moye*, 2012 WL 2569085, at 6*, including the "deliberate withholding of exculpatory information." *Imbler*, 424 U.S. at 431, n.34.

Gould asserts that "because Defendant Doe was acting in an investigative role so early in the criminal prosecution against [Gould], he is not entitled to absolute immunity." (Doc. 1-1 at 9, ¶ 6.) The facts stated in his complaint show otherwise. Gould does not allege Doe to have had any involvement whatsoever in the matter until *after* Gould's arrest and arraignment on August 24, 2023, when Doe was assigned to his case. The complaint against Doe solely

concerns his conduct in an ongoing judicial proceeding: his failure to disclose evidence which would allegedly have exculpated Gould from charges on which he had already been arraigned.

Courts in the Second Circuit have considered malicious-prosecution claims presenting similar allegations of post-arraignment misconduct, and consistently held that defendant-prosecutors were protected by absolute immunity. In *Shmueli v. City of New York*, 424 F.2d 231 (2d Cir. 2005), the Second Circuit dismissed a malicious-prosecution complaint against an assistant district attorney who allegedly brought and pursued aggravated harassment charges against the plaintiff "despite knowing that the charges against [the plaintiff] were false and that [she] was innocent," *id.* at 238, finding that absolute immunity applied even where "the prosecutor commenced and continued a prosecution that was within his jurisdiction but did so for purposes of retaliation . . . or for purely political reasons." *Id.* at 237 (internal citations omitted). In *Anilao v. Spota*, 774 F. Supp. 2d 457 (E.D.N.Y. 2011), the plaintiffs alleged that defendant-prosecutors had both withheld exculpatory evidence from and knowingly presented false testimony to a grand jury. *Id.* at 478. The district court, in dismissing the plaintiffs' malicious-prosecution claims, held that the "alleged actions were all undertaken as part of the prosecutor's role as an advocate and undoubtedly fall within the scope of the absolute immunity doctrine." *Id.* at 479. Finally, Doe's memorandum in support of this motion relies on *Vann v. City of Rochester*, 6:18-cv-06464, 2019 WL 2646616 (W.D.N.Y. 2019) (Telesca, J.), in which the defendant-prosecutor was alleged to have pursued criminal prosecution of the plaintiff despite knowledge of allegedly exculpatory surveillance footage. (Doc. 4-3 at 17.) There, this court held the plaintiff's claims were barred by the defendant's absolute immunity, observing that "[i]t is well settled that '[t]he decision to initiate prosecution, what charges to bring, and how to perfect

and consolidate those charges is a quintessential prosecutorial function.'" *Vann*, 2019 WL 2646616 at *3 (quoting *Ogunkuya v. Monaghan*, 913 F.3d 64, 71 (2d Cir. 2019)).

The allegations in Gould's complaint concern just such a decision by Doe, not the sort of investigative tasks "normally performed by a detective or police officer" to which a prosecutor would not be entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Viewed in the light most favorable to Gould, the facts alleged in the complaint make clear that Doe's conduct is protected by absolute immunity.

## II.     Claim Against Pavlock

The complaint also asserts a malicious-prosecution claim against Defendant Pavlock, again based on the alleged continuation of Gould's prosecution despite the exculpatory evidence his attorney provided to Defendant Doe. Pavlock argues that Gould's claim fails because his complaint does not allege facts which would (1) support the inference that Pavlock acted with actual malice or (2) establish that the prosecution was terminated in the Plaintiff's favor, both elements of a valid claim of malicious prosecution, or (3) demonstrate Pavlock's personal involvement in the malicious prosecution, as required to state a claim for relief under § 1983. (Doc. 6-3.)

The complaint does not assert that Pavlock's filing of criminal misdemeanor informations based on Minton's supporting deposition constituted malicious prosecution, nor that Plaintiff's arrest was not supported by probable cause. Instead, the complaint alleges that the video evidence Gould's attorney provided to Doe rendered the *continuation* of the prosecution unsupported by probable cause. While Pavlock argues that Gould's assertions of malice are conclusory, "[a] lack of probable cause generally creates an inference of malice." *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997). To the extent that Pavlock may have been personally involved in the

continuation of Gould's prosecution after his attorney provided that evidence to Doe, the complaint would provide plausible grounds for the inference of malice on Pavlock's part.

Pavlock also argues that Gould's complaint fails to make the required showing of a favorable termination of his prosecution. Specifically, Pavlock argues that the complaint "merely alleges that the charges were dismissed," without stating the means or grounds for the dismissal, and thus is "insufficient to show that his prosecution was terminated favorably to him under the Fourth Amendment." (Doc. 6-3, 8–9.) Pavlock's memorandum in support relies on *Santiago v. City of Rome*, 2025 WL 553347 (N.D.N.Y. Feb. 19, 2025), in which the plaintiff's malicious-prosecution complaint was dismissed for lack of a showing on the favorable termination element. But the *Santiago* plaintiff made no factual allegations whatsoever as to the favorable termination element; his complaint did not, as Gould's has here, alleged that the charges against him were dismissed.

The Supreme Court has held the favorable termination element met by a showing that the plaintiff's "prosecution ended without a conviction," *Thompson v. Clark*, 596 U.S. 36, 39 (2022), a standard satisfied even when prosecutors dismiss without explanation the charges giving rise to the claim. Courts in the Second Circuit have since held consistently that dismissal of charges satisfies the favorable termination element of a malicious-prosecution claim under § 1983. *See Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 290 (N.D.N.Y. 2022); *see also Guerrero v. City of Yonkers*, 2023 WL 6141604 at *9 n.15 (E.D.N.Y. Sept. 20, 2023). And while the Second Circuit has recognized instances in which the dismissal of a charge does not meet this standard— as when "the charge or charges forming the basis of the malicious prosecution claim were dismissed or otherwise terminated as part of a negotiated plea disposition," *Carruthers v. Colton*, 153 F.4th 169, 187 (2d Cir. 2025), or when charges are dismissed "in return for [the plaintiff's]

successful participation in a diversionary program," *Chapdelaine v. Desjardin*, 2026 WL 1900103 at *9 (2d Cir. July 2, 2026)—Pavlock's filings do not suggest that exception applies here. The complaint's assertion that all charges against Gould were dismissed on November 1, 2023, is sufficient to survive a 12(b)(6) motion.

Pavlock is correct, however, that the Gould has not asserted Pavlock's personal involvement in the deprivation of Gould's constitutional rights. As discussed above, the complaint asserts a cause of action that arose only after Gould was arrested and arraigned on criminal misdemeanor charges. It makes no factual allegations of Pavlock's involvement in the prosecution after Gould was arrested. "[O]nce an arrestee is formally charged, the arresting officer is no longer generally responsible for the prosecution, and the chain of causation between the officer's conduct and the claim for malicious prosecution is broken by the intervening independent actions of the court or prosecutor." *Thompson v. Sweet*, 194 F. Supp.2d 97, 102 (N.D.N.Y. 2002) (citing *Townes v. New York*, 176 F.3d 138, 147 (2d Cir. 1999)).

Gould's complaint provides no basis on which to diverge from this general principle and hold Pavlock to account for Gould's prosecution beyond the time of his arraignment. While it is possible that the "chain of causation" could be restored by a specific allegation that Pavlock personally contributed to the continuation of Gould's prosecution after Gould's attorney provided the exculpatory evidence to Doe, Gould has not as yet provided any such allegation. As filed, his complaint fails to establish a valid claim of malicious prosecution against Pavlock under § 1983.

## CONCLUSION

In the Second Circuit, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir.

1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). "A district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." *Perri v. Bloomberg*, No. 11-CV-2646, 2012 WL 3307013, at 4* (E.D.N.Y. Aug. 13, 2012) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). In this instance, the court cannot escape the conclusion that any amendment would be futile to defeat Doe's 12(b)(6) motion. Gould concedes that probable cause existed for his arrest on August 23, 2024, and that no conduct prior to that time would give rise to a claim of malicious prosecution. (Doc. 1-1 at 8, ¶ 4.) His complaint makes no allegation that Doe was involved in the matter prior to the submission of charges against Gould. It solely concerns conduct that Doe undertook in his capacity as an advocate during a pending court proceeding and so protected by absolute immunity. Accordingly, Doe's motion to dismiss (Doc. 4) is GRANTED, and Gould's claim against Doe is dismissed with prejudice.

Unlike Gould's immunity-barred claim against Doe, an amended complaint which alleged facts supporting Pavlock's involvement in the continuation of Gould's prosecution and detention would, taken as true, entitle him to relief. As such, while Pavlock's motion to dismiss (Doc. 4) is hereby GRANTED, the complaint as to Pavlock is dismissed without prejudice, and the court will grant Gould leave to file an amended complaint within thirty days. Should he fail to timely amend the complaint so as to cure the deficiencies identified in this order, judgment will enter.

Dated this 6th day of August, 2026.

Geoffrey W. Crawford, Judge
United States District Court